IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Sergio Lopez,<br>Gabriela Zuniga Garrido<br>Cirilo Torres Cruz<br><br>　　　　　Plaintiffs,<br>v.<br><br>Saddle Creek Ranch, LLC.　and<br>Gina Roidopoulos,<br><br>　　　　　Defendants. | Case No. 6:23-cv-267<br><br><br><br>PLAINTIFFS DEMAND<br>TRIAL BY JURY |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE:

**COMPLAINT**

Plaintiffs, Sergio Lopez ("Plaintiff" or "Lopez"), Gabriela Zuniga Garrido ("Plaintiff" or "Zuniga"), Cirilo Torres Cruz ("Plaintiff" or "Torres"), by and through their attorney, James M. Dore, complain against Saddle Creek Ranch, LLC. ("Defendant" or "Saddle Creek") and Gina Roidopoulos ("Defendant" or "Roidopoulos"). Saddle Creek and Roidopoulos may collectively be referred to as "Defendants". In support of this Complaint, Plaintiffs state:

**Introduction**

1. This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendant's failure to pay overtime wages owed.

**Parties**

2. Lopez is a resident of Willis, Texas; and he was employed by Saddle Creek and Roidopoulos.

3. Zuniga is a resident of Fort Collins, Colorado; and he was employed by Saddle Creek and Roidopoulos.

4. Torres is a resident of Commo, Texas; and he was employed by Saddle Creek and Roidopoulos.

5. Saddle Creek is a business that is located, headquartered, and conducts business in Chandler, Texas.

6. Roidopoulos is a person that is located, headquartered, and conducts business in Houston, Texas. On information and belief, Roidopoulos is a resident of Chandler, Texas.

7. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

## Jurisdiction and Venue

8. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the Eastern District of Texas because all underlying facts and transactions occurred in or about Henderson County, Texas.

## Facts Common To All Claims

10. Saddle Creek is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

11. Roidopoulos is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiffs' head "boss" at Saddle Creek; (2) they had the power to hire and fire the employees, including Plaintiffs; (3) they supervised and controlled Plaintiff's work

schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records..

## COUNT I: VIOLATION OF THE FLSA
### (Lopez v. Saddle Creek and Roidopoulos)

12. Plaintiff reincorporates by reference Paragraphs 1 through 11, as if set forth in full herein for Paragraph 12.

13. Plaintiff began working at Defendants in or before June 2021, through November 26, 2022. At all times, Plaintiff held the same position with Defendants, he was a clerk. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to feed and care for horses, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

14. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 63 hours per week.

15. Plaintiff was paid their wages on a(n) weekly basis.

16. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

17. Plaintiff's rate of pay was $600 per week or $952 per hour.

18. Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

19. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

20. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

21. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $8,539.44 in unpaid wages; (ii) liquidated damages of $8,539.44; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

WHEREFORE, Plaintiff Sergio Lopez respectfully requests that the Court enter a judgment in their favor and against Defendants Saddle Creek and Roidopoulos, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,512.89;

B. An award liquidated damages in an amount equal to at least $2,512.89;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### COUNT II: VIOLATION OF THE FLSA
### (Zuniga v. Saddle Creek and Roidopoulos)

22. Plaintiff reincorporates by reference Paragraphs 1 through 21, as if set forth in full herein for Paragraph 22.

23. Plaintiff began working at Defendants in or before October 31, 2022, through November 26, 2022.

24. At all times, Plaintiff held the same position with Defendants, she was a janitor. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform collecting and disposing of rubbish, sanitation and housekeeping, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

25. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 60 hours per week.

26. Plaintiff was paid their wages on a(n) weekly basis.

27. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

28. Plaintiff's rate of pay was $1,050.00 per week or $17.50 per hour.

29. Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

30. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

31. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

32. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $700.00 in unpaid wages; (ii) liquidated damages of $700.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit B.

WHEREFORE, Plaintiff Gabriela Zuniga Garrido respectfully requests that the Court enter a judgment in their favor and against Defendants Saddle Creek and Roidopoulos, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $700.00;

B. An award liquidated damages in an amount equal to at least $700.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT III: VIOLATION OF TEXAS  REVISED CODE CHAPTER 61  SECTION 61.051
### (Zuniga v. Saddle Creek and Roidopoulos)

33. Plaintiffs incorporates by reference Paragraphs 1-32, as if set forth in full herein for this Paragraph 33.

34. This count arises from Defendants' violation of the Texas Revised Code, by failing to pay Plaintiff earned wages.

35. The unpaid wage period started October 31, 2022, through November 26, 2022.

36. Defendant's failure to pay Plaintiff the Texas mandated earned commission wage is a violation of the Texas Labor Code.

37. Pursuant to the Texas Labor Code, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $1,225.00.

38. In additional Defendants' violation of the Texas Revised Code was willful, and thus Plaintiff is entitled to recover liquidated damages pursuant to the Texas Labor Code totaling $1,225.00.

WHEREFORE, Plaintiff Gabriela Zuniga Garrido respectfully requests that the Court enter a judgment in their favor and against Defendants Saddle Creek and Roidopoulos, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $1,225.00

B. An award liquidated damages in an amount equal to at least $1,225.00;

C. A declaration that Defendants violated the Texas Labor Code;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT IV: VIOLATION OF THE FLSA
### (Torres v. Saddle Creek and Roidopoulos)

39. Plaintiff reincorporates by reference Paragraphs 1 through 38, as if set forth in full herein for Paragraph 39.

40. Plaintiff began working at Defendants in or before October 31, 2022, through November 26, 2022.

41. At all times, Plaintiff held the same position with Defendants, he was a welder. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform welding, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

42. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 60 hours per week.

43. Plaintiff was paid their wages on a(n) weekly basis.

44. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

45. Plaintiff's rate of pay was $1,200.00 per week or $20 per hour.

46. Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

47. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

48. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

49. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $800.00

in unpaid wages; (ii) liquidated damages of $800.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit C.

WHEREFORE, Plaintiff Cirilo Torres Cruz respectfully requests that the Court enter a judgment in their favor and against Defendants Saddle Creek and Roidopoulos, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $800.00;

B. An award liquidated damages in an amount equal to at least $800.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### COUNT V: VIOLATION OF TEXAS REVISED CODE CHAPTER 61 SECTION 61.051
### (Torres v. Saddle Creek and Roidopoulos)

50. Plaintiffs incorporates by reference Paragraphs 1-49, as if set forth in full herein for this Paragraph 50.

51. This count arises from Defendants' violation of the Texas Revised Code, by failing to pay Plaintiff earned wages.

52. The unpaid wage period started October 31, 2022, until November 26, 2022.

53. Defendant's failure to pay Plaintiff the Texas mandated earned commission wage is a violation of the Texas Labor Code.

54. Pursuant to the Texas Labor Code, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $1,400.00.

55. In additional Defendants' violation of the Texas Revised Code was willful, and thus Plaintiff is entitled to recover liquidated damages pursuant to the Texas Labor Code totaling $1,400.00.

WHEREFORE, Plaintiff Cirilo Torres Cruz respectfully requests that the Court enter a judgment in their favor and against Defendants Saddle Creek and Roidopoulos, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $1,400.00.

B. An award liquidated damages in an amount equal to at least $1,400.00;

C. A declaration that Defendants violated the Texas Labor Code;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

s/   James M. Dore

**Justicia Laboral LLC**
**James M. Dore**
Texas Bar No. 24128272
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-415-4898
E: jdore@justicialaboral.com

**Plaintiffs request trial by jury for all counts where allowed**